UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br> vs.<br><br>F/V BANGUN PERKASA, Call sign unknown, with its cargo, gear, stores, equipment, tools, appurtenances, furnishings, fixtures, fishing gear, nets, radio beacon buoys, and approximately 30 tons of squid, 20 tons of shark, 3 kg of small black fish, or the fair market value thereof, *In Rem*,<br><br>    Defendant. | 3:11-cv-00194-RRB-JDR<br><br>**ORDER GRANTING EX PARTE MOTION ON SHORTENED TIME FOR ORDER AUTHORIZING INTERLOCUTORY SALE OF THE BANGUN PERKASA'S FROZEN FISH PRODUCT**<br><br>(Docket No. 12) |

    Plaintiff filed an Ex Parte Motion at Docket 12 requesting permission to sell the fish, shark, and squid currently being held aboard the above-named Vessel. The request is pursuant to Supplemental Admiralty Rule G(7)(b).  For the reasons set out below, the Motion for Interlocutory Sale and the request for consideration on shortened time are HEREBY GRANTED.

The Plaintiff filed an Affidavit of Michael S. Killary, Special Agent with the National Oceanic and Atmospheric Administration (NOAA), National Marine Fisheries Service (NMFS), Office of Law Enforcement (OLE), in support of the Motion for Interlocutory Sale.  Therein, Agent Killary states that the fish, squid and sharks are currently being held aboard the F/V BANGUN PERKASA in an unstable refrigeration unit.  The fish are perishable and at grave risk of decay and an immediate sale is necessary.  Furthermore, the refrigeration unit is old and in disrepair and the only maintenance manual the Plaintiff can locate is in Mandarin Chinese.  The NMFS has concerns about environmental risks if the refrigeration unit is not quicky shut down.  Additionally, the cost of continuing to run the refrigeration unit is prohibitive.

These facts satisfy the requirements in Supplemental Admiralty Rule G(7)(b)(i)(A) & (B) and the Court is satisfied that an Interlocutory Sale on shortened time is necessary in this matter.

In accordance with Supplemental Rule G(7)(b)(iii), the Plaintiff would normally be required to comply with the requirements for sale laid out in 28 U.S.C. §§ 2001, 2002 and 2004.  However, the Court believes the circumstances and facts of the instant case warrant a waiver of these requirements.  Specifically, the Plaintiff is relieved of the requirements for publication of notice and a hearing as laid out in § 2001(b) are hereby waived.  Agent Killary detailed the attempts the NMFS has

undertaken to notify the owner of the Vessel of its seizure and arrest. A copy of the Summons, Complaint, and In Rem Warrant of Arrest were faxed to an international fax number in Taipei, Taiwan. The ship's master told the NMFS that he used the number to communicate with the representative for the vessel. The fax transmission was successful, but no response has been received. Further, the U.S. Attorney's Office and Customs and Border Patrol have not received any response regarding the warrant. In the Status Hearing held by the Court on October 26, 2011, the substitute custodian reported that NMFS has also contacted all countries which were believed to be associated with the Vessel. Each of those countries have denied that the Vessel is flagged thereunder.

The country of origin for the Vessel and the owner of the Vessel remain unknown, despite the diligence of the Plaintiff and Substitute Custodian. The Plaintiff has no information which would allow them to effectively publish notice of sale in the jurisdiction of the owner. Accordingly, the notice, publication and hearing requirements in Supplemental Rule G(7)(b)(iii) are HEREBY WAIVED.

Supplemental Rule G(7)(b)(iii), by way of incorporating 28 U.S.C. § 2001, also requires that unless the parties agree otherwise, the sale of the property must be "sold at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located . . . ." Agent Killary's affidavit states that the NMFS has contacted eight (8) fish processors in Kodiak, Alaska, and four in

Dutch Harbor, Alaska, gathering bids on the fish aboard the Vessel.  Additionally, a Massachusetts business also expressed interest in the fish.

Given that the only known contact information for the owner of the Vessel is a fax number in Taipei, Taiwan, the Plaintiff shall fax, forthwith, notice of the sale of the fish, the date which the sale will be effectuated and a copy of this order.  Said fax shall be sent at least twenty four (24) hours in advance of the sale.  Such notice shall also be deemed to satisfy the requirements of 15 C.F.R. 904.505(c) and 904.3.  Proof of the fax shall be filed with the Court following the sale.

Accordingly, the substitute custodian, National Marine Fisheries Service, is authorized to sell:

Approximately 55 tons of squid, 54 shark, 1 Mahi-mahi, 1 Bonita tuna, and 300 kilograms of small unidentified finfish.

Proceeds of the sale shall be deposited with the Court pursuant to separate motion and order, in accordance with 16 U.S.C. § 1860(d)(2).

IT IS SO ORDERED.

DATED this   27th   day of October, 2011, at Anchorage, Alaska.


    /s/ John D. Roberts
    JOHN D. ROBERTS
    United States Magistrate Judge